Yvonne TROUT, et al., Plaintiffs,

v.

James H. WEBB, Jr., Defendant.

Civ. A. No. 73–55.

United States District Court,
District of Columbia.

Oct. 12, 1988.

Bradley G. McDonald, John E. Karl, Jr., McDonald & Karl, Washington, D.C., for plaintiffs.

Wilma A. Lewis, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Following the remand of this case from the United States Supreme Court, this Court entered its determination reaffirming defendant's liability toward the plaintiff class. *Trout v. Lehman,* 652 F.Supp. 144 (D.D.C.1986). Except for attorneys' fee issues, all that remains to be resolved is the question of proper relief for individual class members, the question to which the Court turns today.

On October 20, 1981 the Court issued its original relief opinion requiring individual hearings for the class members in order to determine their entitlement to relief. *Trout v. Lehman,* slip op. (D.D.C. Oct. 20, 1981) (Relief Opinion). Due to the expected number and complexity of these hearings, the individual claims were to be heard by a United States Magistrate or a Special Master. In addition, the Magistrate or Special Master was to determine which statistical methodology was most appropriate for use in determining backpay, and was granted authority to require briefing and hearings on that question if necessary. The Court has now reviewed the record in the light of its post-remand ruling on liability, and after consideration of the parties' recent filings it has determined that there is no reason to depart from the framework established in the initial Relief Opinion. Therefore, with one minor exception, the previous conclusions and procedures will be adopted.

The Court had previously determined that class members would not be entitled to recover backpay for periods prior to 1972, because the proceedings in the case were not pending as of March 24, 1972, the effective date of the statutory provision under which defendants liability was established. Relief Opinion at 7–8. Subsequent to that determination, the Court of Appeals for this Circuit ruled that Congress did not intend to prohibit Title VII backpay periods from extending before 1972, where defendant's violation is "continuing" throughout the period prior to the filing of the administrative complaint, *Thompson v. Sawyer,* 678 F.2d 257, 288–89 (D.C.Cir.1982), a position contrary to that of this Court. Because *Thompson* is of course controlling on this Court, the Court hereby reverses its determination as to pre–1972 backpay.

Yvonne Trout filed her administrative complaint on June 21, 1972. The Court will therefore amend its Memorandum and Order of October 20, 1981 to allow the Magis-

trate or Special Master to include in his final awards backpay for the two year period prior to that date, or June 21, 1970.

The parties have raised a variety of other matters in their post-remand briefs on the subject of relief. The majority of these matters were fully argued prior to the first Relief Opinion, and the Court find no good reason to revisit its ruling on those subjects. Plaintiffs' principal argument in this regard, that the Court should reverse itself on substantive questions because of the time which has elapsed since liability was first established, is unpersuasive. Despite plaintiffs' avowed reliance on precedent issued subsequent to the Relief Opinion, in all but one limited instance, *see supra*, such precedent provides no support to their arguments. Therefore, the Court will reject without elaboration the various pleas of the parties for amendment of the procedures set out in the Relief Opinion.

Defendant's liability in this case has long since been established, and equity demands that the claims of the class members be adjudicated in an expeditious manner. Therefore, the Court expects that, upon the issuance of today's ruling, the parties will proceed without delay to effecting the relief accorded herein. Accordingly, it is this 12th day of October 1988

ORDERED that the Court's Memorandum and Order of October 20, 1981 be and it is hereby adopted and reissued; and it is further

ORDERED that the October 20, 1981 Memorandum be and it is hereby amended to allow awards of backpay beginning as of June 21, 1970; and it is further

ORDERED that defendant shall provide plaintiffs' counsel on or before October 28, 1988 with the name, current address and telephone number of all known class members who can be located, together with a mailing list for each class member; and it is further

ORDERED that plaintiffs' counsel shall prepare a notice and claim form as outlined in the October 20, 1981 Memorandum, and that upon receipt of the above mailing list and labels, he shall send such form forth-with to each class member; and it is further

ORDERED that any member of the class wishing to be considered for backpay eligibility submit to the Court a completed notice and claim form no later than sixty days form the date of this Order; and it is further

ORDERED that pursuant to Rule 53(b) of the Federal Rules of Civil Procedure, this action is hereby referred to Lawrence Speiser, Esq., as Special Master, to conduct proceedings with respect to the individual claimants.